OPINION
{¶ 1} Plaintiffs-appellants, Jennifer and Richard Boughan ("Boughans") appeal the July 7, 2004 judgment entry of the Court of Common Pleas of Allen County, Ohio, granting summary judgment in favor of Defendant-appellee Nationwide Property Casualty Co ("Nationwide").
 {¶ 2} The facts relevant to this appeal are as follows. The Boughans bought their home located at 3858 South St. John's Road, Lima, Ohio in December 1994. They obtained a homeowner's insurance policy through Nationwide on March 11, 1997 covering this residence. Sometime in the spring of 1997 the Boughans noticed that the building's brickwork was flaking. The flaking was apparently caused by water getting into the bricks and freezing, which resulted in the front of the bricks flaking off when the water thawed.
 {¶ 3} The Boughans notified Nationwide of the damage to the brickwork and were told over the phone by Nationwide representatives that the damage was not covered by their homeowner's insurance policy. After several phone conversations with Nationwide employees, a claims representative came to the house sometime in the summer of 1997 and, allegedly without leaving his vehicle, told the Boughans that the damage was not covered by their policy. The same representative came to the house a second time, did a complete inspection and took photographs of the damaged bricks. In a letter dated July 16, 1998 Nationwide formally denied the Boughans' claim.
 {¶ 4} On March 30, 1999 the Boughans terminated their homeowner's policy with Nationwide, and purchased insurance from Erie Insurance Company ("Erie"). In July of that year, they independently hired a bricklayer to repair the brick. No insurance claims appear to have been filed at that time.
 {¶ 5} Later that year, the Boughans began noticing structural problems in the home — interior doors would not close properly, the floor was sagging in several areas, and there were cracks in the drywall. They reported these problems to Erie, and on April 25, 2000 the company sent an engineer, Mark H. Meyer, P.E., to inspect the home. Mr. Meyer concluded that the damage to the floor structure was caused by water infiltration through the brick walls over a number of years. He noted that the floor joists and the central beam had rotted, but indicated that when he inspected the home the wood was dry. He attributed this to the brick restoration, concluding: "the brick restoration done in 1999 stopped the infiltration of water which led to the damage. If leaks were still occurring recent rains should have dampened the wood." He also indicated that the damage was hidden from view and would not have been noticed but for the settling of the floor. Based on these findings, Erie denied coverage of the damage, concluding that it occurred prior to 1999 when the policy was issued.
 {¶ 6} The Boughans allege that they attempted to contact Nationwide, but their repeated phone calls were not returned. They then had the structural damage repaired on their own in the summer of 2000. Thereafter, they successfully contacted Nationwide and filed a claim to be reimbursed for the cost of the repairs. Nationwide again denied coverage, and the Boughans filed suit.
 {¶ 7} The complaint set forth claims against Nationwide under the homeowner's policy, seeking recovery of the cost of repairs and alleging Nationwide acted in bad faith in handling the claims. The Boughan's complaint contained two additional claims involving other policies they had with Nationwide. First, they alleged that Nationwide failed to provide an auto insurance policy even though they had contracted for coverage. Second, they alleged that Nationwide failed to provide a term life insurance policy even though they had taken physicals and paid the premiums.
 {¶ 8} Thereafter, Nationwide filed a motion for summary judgment which the trial court granted in its July 7, 2004 judgment entry. The trial court found that the damage to the home was specifically excluded under the required amendatory endorsement to the homeowner's policy. The trial court also found that the life insurance policy was properly cancelled for non-payment, and that the automobile policy was properly provided. Based on these findings, the trial court granted Nationwide's motion for summary judgment and dismissed the complaint. This appeal follows, and the Boughans have asserted one assignment of error:
The trial court erred in granting summary judgment when the evidenceindicated that Appellants' loss was a covered peril under the homeowner'sinsurance policy.
 {¶ 9} The standard of review for a grant of summary judgment is de novo. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Thus, a grant of summary judgment will be affirmed only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). In addition, summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Id.; see Zivish v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 345, 360.
 {¶ 10} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitzeff v. Wheeler (1988),38 Ohio St.3d 112. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R 56(E).
 {¶ 11} The Boughans present three primary arguments for recovery under the homeowner's policy: (1) that the damage was a covered peril, (2) that Nationwide failed to fulfill its duty to properly inspect the damage when they presented the claim, and (3) that Nationwide acted in bad faith in handling the claim. In granting summary judgment, the trial court ruled that the damage to the home was not a covered peril, and that therefore the insurance contract did not impose a duty on Nationwide and Nationwide could not have acted in bad faith in denying the claim. For the reasons that follow, we agree with the trial court's analysis.
 {¶ 12} First, we find that the damage to the home was excluded from coverage under the homeowner's insurance policy. Generally, Ohio courts interpret provisions in a contract for insurance liberally in favor of the insured. Munchick v. Fidelity Casualty Co. of New York (1965),2 Ohio St.2d 303, 305, citing Toms v. Hartford Fire Ins. Co. (1945),146 Ohio St. 39, ¶ 1 of the syllabus. However, "[w]here exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." Home Indem. Co. of N.Y. v. Village of Plymouth (1945),146 Ohio St. 96, ¶ 2 of the syllabus.
 {¶ 13} The Boughans argue that the exclusions in the policy did not specify this type of water damage, and therefore the policy should be read to cover the damage to the home. They point to the exclusions contained in the amendatory endorsement modifying the coverage of the policy. Item 5 in the endorsement excludes direct physical loss caused by "continuous and repeated seepage or leakage of water or steam over a period of time from a heating, air conditioning, or automatic protective sprinkler system; household appliance; or plumbing system that results in deterioration, rust, mold, or wet or dry rot." The Boughans argue that the damage was caused by repeated water leakage through cracks in the brickwork and not from the mechanical systems specifically mentioned in Item 5. Thus, they argue that this damage is not specifically excluded from coverage because it is not clearly stated in that exclusion. SeeAm. Fin. Corp. v. Fireman's Fund Ins. Co. (1968), 15 Ohio St.2d 171, 174
("an exclusion from liability must be clear and exact in order to be given effect").
 {¶ 14} However, the Boughan's argument ignores the immediately following provision in the amendatory endorsement. Item 6 of that endorsement provides that "direct physical loss to property" is not covered when caused by:
 6. wear and tear; marring, deterioration; inherent vice; latent defect; mechanical breakdown; rust; mold; wet or dry rot; contamination; . . . settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floor, roofs, or ceilings . . . .
(emphasis added). The policy also provides that "any ensuing loss not excluded is covered." The record makes clear that the cause of the damage to the home was wet or dry rot resulting from the faulty brickwork, which is specifically excluded. In other words, the "ensuing loss" — the settling of the floor, and the rotting floorboards — was specifically excluded under Item 6. Accordingly, the damage to the home was not covered under the policy.
 {¶ 15} Appellants argue that the underlying cause of the damage was not the rotting of the floorboards but the water seepage through the brick, making Item 6 inapplicable to their claim. The Fifth District Court of Appeals addressed a similar argument in Schrock v. FeazelRoofing Co., 5th Dist. No. 02CAE10049, 2003-Ohio-3742. That case involved water damage caused by a leak in the roof. The insurance policy contained language similar to the policy in the instant case, excluding "[w]ear and tear, marring, deterioration; . . . [s]mog, rust or other corrosion, mold, [or] wet and dry rot," but covering "any ensuing loss . . . not excluded or excepted" in the policy. Id. at ¶ 41 — 50. The insureds in that case argued that the ensuing loss resulted from something that was not specifically excluded, and therefore it was covered under the policy. The Court held that the resulting damage was rot and deterioration of the floorboards, and therefore the "ensuing loss" was not covered. Id. at ¶ 58.
 {¶ 16} The same rationale applies in the case sub judice. Even if we grant Appellants' argument that the water seepage is the underlying cause of the rotting floorboards, the water seepage occurred because of "deterioration," "latent defect," or "settling, cracking . . . of . . . [the] foundation [or] walls. . . ." Accordingly, Item 6 still applies, excluding the damage from coverage.
 {¶ 17} In short, the Boughans are not attempting to recover for the water seepage, but for the cause of the seepage and the damage that resulted. Ultimately, the repairs they paid for out-of-pocket were to repair the brickwork and the rotted floorboards, both of which are damages specifically excluded from coverage under the policy. In other words, both the underlying cause of the damage — the deterioration of the brickwork — and the ensuing loss — the rotted floorboards — are excluded from coverage. The Boughans' attempt to argue that the water seepage, an intermediary cause, is not excluded is an attempt to circumvent the plain language of the policy.
 {¶ 18} We find that the plain language of the policy excludes coverage for the damage to the Boughans' home. Accordingly, Nationwide was under no contractual obligation to repair the home. The Boughans have not presented a set of facts that would entitle them to recovery against Nationwide.
 {¶ 19} The Boughans' also argue that Nationwide breached a good faith duty to handle their claim. This argument is precluded by our holding that the damage was not covered under the homeowner's policy. In this context, an insurer "fails to exercise good faith in processing a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore." Zoppo v.Homestead Ins. Co. (1994), 71 Ohio St.3d 552, ¶ 1 of the syllabus. Based on the foregoing analysis, Nationwide had a reasonable justification for denying the claim: the claimed damage was not covered under the policy. Therefore, Nationwide did not breach its duty of good faith in handling the Boughans' claim.
 {¶ 20} Finally, although the Boughans' claims concerning the auto and life insurance policies were not included in their assignment of error, their brief alludes to those claims as well. We will therefore briefly address the merits of those claims.
 {¶ 21} With regard to the auto insurance claim, the Boughans' complaint alleged that Nationwide failed to provide auto insurance even though they contracted for coverage and paid the premiums. However, the record indicates that Nationwide provided auto insurance coverage to appellants, and the Boughans have failed to present evidence showing a genuine issue of material fact regarding this coverage. Moreover, Mrs. Boughan testified in her deposition that Nationwide never failed to handle a claim under the auto insurance policy. Accordingly, we concur with the trial court's determination that the Boughans have failed to prove that a genuine issue of material fact remains on that claim.
 {¶ 22} The Boughans' final claim in their complaint alleged that Nationwide had failed to provide life insurance coverage even though the Boughans had taken physicals and paid the premiums. However, Nationwide provided sufficient evidence to demonstrate that the life insurance policies were cancelled due to non-payment. The record contains the affidavit of Melody Taylor, a Nationwide representative familiar with the Boughans' policy. In her affidavit, Ms. Taylor testified that the two life insurance policies lapsed because they had failed to pay the premiums. Attached to that affidavit were two letters informing the Boughans of the lapsed coverage, and advising them on how to reinstitute the policy. The Boughans' failed to produce any evidence showing that they took steps necessary to reinstitute coverage. Therefore, the record indicates that there is no genuine issue of material fact concerning the life insurance coverage — the policy was properly terminated and the Boughans failed to get coverage reinstated.
 {¶ 23} Based on the foregoing, we find that the trial court properly granted Nationwide's motion for summary judgment. Nationwide has fulfilled its burden of establishing that there are no genuine issues of material fact on any aspect of the Boughans' claims. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.