JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant Lawrence Y. and Connie Ho and their children Marie, Neville, Vanessa, and Julia, appeal from the trial court's granting of summary judgment in favor of appellee State Farm Fire Casualty Company ("State Farm"). The Hos present the following error for our review:
"I. The trial court erred in granting defendant State Farm Fire and Casualty Company's motion for summary judgment per the dictates of Civil Rule 56(C)."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On September 14, 2000, the Hos filed a complaint against Roth Cleaning Company ("Roth") and Unsmoke Systems, Inc. ("Unsmoke") for damages they sustained to their home as a result of Roth contaminating their home with a product manufactured by Unsmoke for the elimination of smoke odors. In the complaint, the Hos also asserted claims against State Farm for vicarious liability for Roth's negligent acts and for bad faith based on State Farm's handling of their claim.
 {¶ 4} The Hos entered into a confidential settlement agreement with Roth and Unsmoke and dismissed them from the suit. They also voluntarily dismissed their vicarious liability claim against State Farm. Their claim against State Farm for bad faith, however, remained. After discovery was complete, State Farm filed a motion for summary judgment, which the Hos opposed.
 {¶ 5} The evidence attached to the motions indicated that on February 10, 1997, the Hos sustained property damage to their home due to a small fire that originated in the living room fireplace. The fire was quickly discovered and reported to the fire department. The fire department responded and extinguished the fire within a short time.
 {¶ 6} The Hos reported the claim to State Farm that afternoon. State Farm gave the Hos the names of several contractors to help with repairs, but suggested they use Roth Construction Company because of its proximity to the Hos' home. The Hos thereafter called Roth. Roth came to the home that day and boarded up the damaged structural area of the house. Roth Construction Company contacted Roth Cleaning Company to eliminate the smell of smoke. Roth initially used a chemical product called "Unsmoke." When this was not effective, Roth fogged the home with ozone for forty-eight hours.
 {¶ 7} Upon returning to the home, the Hos contend they immediately experienced eye irritation, skin rashes, and respiratory problems. The Hos called Roth to complain. Roth's representative returned to the home to investigate and informed the Hos the air was breathable. The day after, the entire family became ill. The Hos refused to remain in the home and moved to the Embassy Suites Hotel.
 {¶ 8} The Hos informed State Farm that they would not live in the home due to the problem with exposure to the chemicals. According to State Farm, it agreed to pay for the Hos' hotel expenses based on the fire damage to the home and not the chemical exposure. However, State Farm hired Electro Analytical to test the air quality and surfaces inside the house to determine the cause of the Hos' illness.
 {¶ 9} Electro Analytical determined that the chemical concentrations in the home were tolerable, but noted that some people may be hyper-sensitive to the chemicals due to "genetic factors, age, personal habits (smoking, alcohol, or other drugs), medication, or previous exposure." Electro Analytical recommended to State Farm that further testing was needed.
 {¶ 10} The Hos were unsatisfied with Electro Analytical's report; therefore, they hired Peter Lubs, an industrial hygiene consultant, to examine the home. Lubs stated in his report that the Hos' home had been contaminated by the chemicals Roth used for cleaning, which permeated the surfaces of the contents of the home. He further stated that the chemical levels in the air made the home uninhabitable. He advised the Hos not to attempt to reinhabit the home until it was decontaminated.
 {¶ 11} A copy of this report was sent to State Farm. State Farm continued to pay for the Hos' living expenses incurred by living outside the home. However, pursuant to the insurance policy, additional living expense payments cannot exceed twelve months. Therefore, after one year, State Farm terminated any further payments for additional living expenses.
 {¶ 12} State Farm ultimately paid the Hos $12,036 for loss suffered due to the fire and $51,914 for additional living expenses. The Hos have not attempted to decontaminate the house and have not resumed living there.
 {¶ 13} The trial court granted State Farm's motion for summary judgment stating in pertinent part as follow:
"In the case at bar, plaintiff failed to make a formal demand as required by the policy for the initiation of a claim. No formal claim for the damage caused by contamination was ever created. State Farm therefore did not deny plaintiffs' claim, let alone deny the claim in bad faith.
"Assuming arguendo that plaintiffs' [sic] made a valid claim, the report provided to State Farm by Electro-Analytical furnished reasonable justification for the denial of the purported claim. * * *."[1]
 {¶ 14} In their sole assigned error, the Hos claim the trial court erred by granting summary judgment in favor of State Farm on its bad faith claim. The Hos claim there is a genuine issue of fact regarding whether State Farm adequately investigated the Hos' insurance claim related to the contamination of their house by Roth. We disagree.
 STANDARD OF REVIEW {¶ 15} We review an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[4]
 {¶ 16} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[6]
 BAD FAITH CLAIM {¶ 17} We affirm the trial court's granting of summary judgment in favor of State Farm, but do so on different grounds based on our de novo review of the record. Although State Farm argues no claim was made by the Hos regarding contamination claims, we conclude the record sufficiently demonstrates a claim was made, but that it was properly denied because the policy excludes damages caused by contamination.
 {¶ 18} "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor. [citations omitted]."[7] Here, the evidence indicates that the Hos advised State Farm that their home was making them ill. In response, State Farm investigated the matter by sending Electro Anaytical to the premises to determine the cause of the Ho family's health problems.
 {¶ 19} Electro Analytical discovered the concentrations of chemicals in the home were tolerable; however, it advised State Farm that further testing was needed. The Hos, thereafter, sent their expert, Peter Lubs, to the premises. Peter Lubs opined in his report that the house was contaminated with chemicals from Roth's deodorizing process. This report was sent to State Farm. Based on this report by the Hos' expert, State Farm concluded no further investigation was mandated because "contamination" was specifically excluded by the Hos' homeowner policy. Section I, Losses Not Insured, provides in pertinent part:
"1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly or immediately caused by * * *:
"j. contamination."
 {¶ 20} State Farm advised the Hos' attorney in a letter dated September 23, 1997, that any claim related to contamination would be denied due to the policy's exclusion of damages related to contamination. Therefore, the Hos were placed on notice that their claim for contamination damages was denied.
 {¶ 21} Pursuant to Zoppo,[8] an insurer acts in good faith if it has reasonable justification in denying the claim. In the instant case, State Farm's refusal to reimburse the Hos for damages caused by the contamination was justified because damages related to contamination were excluded by the policy. There is no basis for a bad faith claim, when the claim is specifically excluded by the policy.[9]
 {¶ 22} Although the Hos claim Richard Andrews' affidavit creates an issue of fact regarding their bad faith claim, we disagree. Richard Andrews is an insurance adjuster for J.H. Moorehead and Associates. Andrews averred that State Farm's exclusion of the Hos' claim based on contamination was "disingenuous," because Andrews believed the "exclusion of contamination is simply not pertinent to the fire and smoke claim of the Hos."[10] However, Andrews' statements are merely conclusory and fail to consider the expert testimony regarding the fact that the Hos' home was contaminated with the deodorizing chemicals.
 {¶ 23} Moreover, there is no evidence State Farm engaged in bad faith in handling the claim. Upon being advised of the Hos' health problems related to the home, State Farm promptly investigated the matter. When State Farm discovered the cause of the problem was contamination, it refused to take any further action because damages related to contamination were specifically excluded under the policy. This was a reasonable justification for refusing to cover any alleged claim or refusing to incur further expenses in investigating the matter.
 {¶ 24} Although the Hos attempt to argue that the fire was the cause of the contamination, we disagree. It is true the fire caused the smell of smoke in the home, requiring the home to be deodorized. However, Roth's negligence in attempting to rid the home of the smoke odor was an intervening cause. Roth's misuse of the chemicals was the cause of the contamination, not the odor of smoke itself. Accordingly, the Hos' sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J. and SWEENEY, J., CONCUR.
[1] Journal Entry, February 9, 2004.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 293.
[7] Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, paragraph one of syllabus.
[8] Supra.
[9] See, Andray v. Elling, 6th Dist. No. L-04-1150, 2005-Ohio-1026;Boughan v. Nationwide Prop. Cas. Co., 3rd Dist. No. 1-04-57, 2005-Ohio-244 at P19; Westfield Ins. v. Barnett, 7th Dist. No. 306, 2003-Ohio-6278; Crutchfield v. Century Surety Co. (Dec. 22, 1992), 10th Dist. No. 92AP-908.
[10] Andrews Affidavit at paragraghs 7 and 8.