JOURNAL ENTRY and OPINION
{¶ 1} Vijaya and Prasad Bikkani (Bikkani), acting pro se, appeal various trial court rulings in a foreclosure case filed against them by Miles Landing Homeowners Association (MLHA). After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On January 16, 2004, MLHA initiated a foreclosure action against Bikkani's rental property located at 23878 Banbury Circle, Warrensville Heights, Ohio (the property), alleging that Bikkani failed to pay $3,970.44 in MLHA fees. Ameriquest Mortgage (Ameriquest), who holds the mortgage on the property, was also named as a defendant. Subsequently, Bikkani filed numerous answers, counterclaims, cross-claims and motions, and the court made various rulings, most of which were interlocutory in nature. Bikkani has filed two appeals, which we have consolidated, presenting five assignments of error with 77 subissues for our review.
 {¶ 3} Attached to Bikkani's notice of appeal are the following court orders: 1) April 29, 2005 order appointing receiver; 2) April 6, 2005 orders denying a restraining order against MLHA's counsel, striking some of Bikkani's answers and counterclaims, denying Bikkani's default judgment motion, dismissing Bikkani's cross-claim against Ameriquest and denying Bikkani's motion to file new claims and add parties; and 3) July 28, 2005 order granting MLHA's motion to quash subpoenas. We have jurisdiction to review assignments of error stemming from these orders only. App.R. 3(D). See, also, State v. Evans, Belmont App. No. 99-BA-66, 2001-Ohio-3339 (holding that an "appellate court is without jurisdiction to review a judgment or order which is not designated in an appellant's notice of appeal"). However, Bikkani's appellate brief argues numerous new "errors" ranging from conspiracy and extortion to perjury and disbarment of opposing counsel. These unsubstantiated allegations will not be entertained in this appeal. We note for Bikkani's benefit that we are dismissing many of his claims on procedural grounds because they are premature.
 {¶ 4} We do not reach the merits of the overwhelming majority of the 77 issues before us, as the court has not yet rendered final appealable orders regarding them.
 II. {¶ 5} In Delaney v. Cuyahoga Metro. Housing Auth. (July 7, 1994), Cuyahoga App. No. 65714, we held that "* * * an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." However, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel. Quinn v. Paras, Cuyahoga App. No. 82529, 2003-Ohio-4952.
 {¶ 6} In the first assignment of error, Bikkani argues that "the trial court abused its discretion by appointing a receiver against appellants' property when appellees lied about `bankrupt' status of association and collected amount, balance, and embezzlement. The trial court refused to appoint a receiver against association and against Ameriquest as requested by appellants, but appointed a receiver against appellants' property and it is against manifest weight of evidence."[1]
 {¶ 7} Pursuant to R.C. 5311.18(B)(2), in a foreclosure action initiated by a homeowners association, the owner of the unit "shall be required to pay a reasonable rental for the unit during the pendency of the action." Furthermore, "the holder of the lien is entitled to the appointment of a receiver to collect the rental." Id. See, also, Jamestown Village Condominium OwnersAssn. v. Market Media (1994), 96 Ohio App.3d 678, 689 (holding that it is "well established that the trial court is vested with the sound discretion to appoint a receiver. The appointment will not be disturbed unless there is a clear abuse of sound judicial discretion") (citing Celebrezze v. Gibbs (1991),60 Ohio St.3d 69).
 {¶ 8} In the instant case, MLHA filed its motion to appoint a receiver on March 17, 2005. Subsequently, on April 20, 2005, Bikkani filed a motion to appoint a receiver against MLHA and Ameriquest. The court held a hearing, established that MLHA was seeking $100.12 per month in association maintenance fees, summarily denied Bikkani's request and granted MLHA's request to appoint a receiver.
 {¶ 9} We find no abuse of discretion in appointing a receiver on behalf of MLHA, the lienholder. In fact, it is the exact course of action that R.C. 5311.18 anticipates.
 {¶ 10} The denial of Bikkani's request to appoint a receiver is not a final appealable order as contemplated by R.C. 2505.02, and we have no jurisdiction to review this allegation of error. Under R.C. 2505.02(B), an order is final when it "affects a substantial right in an action that in effect determines the action and prevents judgment; [or] affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *." An order granting the appointment of a receiver is a final order because it affects a substantial right: the R.C. 5311.18 statutory right to a receiver in a foreclosure action. See, Bank One, Columbus v. O'Brien (Nov. 19, 1992), Franklin App. Nos. 92AP-683 and 92AP-748. However, Bikkani, as the owner of the unit subject to foreclosure, has no right to appoint a receiver; therefore, denying him one does not aggrieve Bikkani in any way. See, also, Prudential Ins. Co. ofAmerica v. Corporate Circle (1995), 103 Ohio App.3d 93, 101
(holding that "an order denying a motion to appoint a receiver is not a final, appealable order since the status quo between the parties remains the same"). As such, Bikkani's first assignment of error is overruled.
 III. {¶ 11} In the second assignment of error, Bikkani argues that "the trial court abused its discretion by dismissing a case against defaulted third parties * * * who are part of corrupt Enterprise. This abuse of discretion occurred on 4/6/2005 with a simple journal entry stating as if the third party and broader counter claim filing 3/26/2004 date was not in front of court. The entry is against a manifest weight of evidence especially when considered 3/25/2004 was in front of court, and when drastic measure was announced a year later than properly within the time filed 3/26/2004 pleading."
 {¶ 12} Although left unidentified in Bikkani's brief, we believe that this assignment of error may relate to any or all of the following orders:
"Plaintiff's renewed motion to strike are [sic] granted inpart and denied in part. Since defendants Vijaya and PrasadBikkani filed timely answers on 2-3-04 and 2-27-04, these answersare properly before the court. Further defendants received leaveto file an amended answer and claims on March 29, 2004.Accordingly, defendants [sic] answer counterclaim and cross-claimfiled on 3-29-04 is properly before the court. Plaintiff's motionto strike these pleadings is denied. All other pleadingsasserting claims of defendants including the filing of 3-26-04are stricken. The case will proceed on defendants' answers filedon 2-3-04, and 2-27-04 and answer and claims filed on 3-29-04only."
 "Since defendants Vijaya and Prasad Bikkani third-party claimsfiled on 3-26-04 have been stricken, defendants [sic] motion fordefault judgment regarding these claims are denied as moot."
 "The extent defendants Vijaya and Prasad Bikkani seek leave tofile new claims and add parties in their filing of 11-22-04, saidmotion is denied. The remainder of said filing will be treated asa brief in opposition to plaintiff's motion for summaryjudgment."
 {¶ 13} For an order to be final and thus appealable, it must satisfy R.C. 2505.02, and when applicable, must also satisfy Civ.R. 54(B), which governs judgments involving multiple claims or multiple parties. Because the instant case involves at least three parties with both cross-claims and counterclaims being alleged, Civ.R. 54(B) applies.
 {¶ 14} Civ.R. 54(B) states as follows:
"When more than one claim for relief is presented in an actionwhether as a claim, counterclaim, cross-claim, or third-partyclaim, and whether arising out of the same or separatetransactions, or when multiple parties are involved, the courtmay enter final judgment as to one or more but fewer than all ofthe claims or parties only upon an express determination thatthere is no just reason for delay. In the absence of adetermination that there is no just reason for delay, any orderor other form of decision, however designated, which adjudicatesfewer than all the claims or the rights and liabilities of fewerthan all the parties, shall not terminate the action as to any ofthe claims or parties, * * *." (Emphasis added.)
 {¶ 15} In the instant case, the journal entries striking certain pleadings and denying Bikkani's motion for default judgment do not dispose of, inter alia, MLHA's original foreclosure claim for failing to pay homeowners association fees. In addition, neither orders make an express determination that there was no just cause for delay. Compare, Lawrence Y. Ho v.State Farm Fire Cas. Co., Cuyahoga App. No. 84306,2005-Ohio-5452 (holding that the "remaining counterclaims, coupled with the pending arbitration appeal and the absence of Civ.R. 54(B) language, require that the appeal be dismissed for lack of jurisdiction"). See, also, Noble v. Colwell (1989),44 Ohio St.3d 92, 96 (noting that Civ.R. 54(B)'s "general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations"). Accordingly, we lack jurisdiction to hear this assignment of error.
 "IV. {¶ 16} In the third assignment of error, Bikkani argues that "the trial court abused its discretion by granting protective order, limiting discovery then not following through even in the limited way, quashed subpoenas that are self-evidentiary with details, and denied to compel discovery."
 {¶ 17} Once again, Bikkani does not identify exactly what is being appealed in this assignment of error; however, we assume it includes the court's April 6, 2005 order granting MLHA's protective order for excessive discovery requests by Bikkani and the July 28, 2005 order granting MLHA's motion to quash subpoenas pending the outcome of this appeal.
 {¶ 18} Discovery orders are interlocutory in nature and are neither final nor appealable. See, State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 240; Klein v. Bendix-WestinghouseAutomotive Air Brake Co. (1968), 13 Ohio St.2d 85. Accordingly, Bikkani's third assignment of error is overruled.
 "V. {¶ 19} In the fourth assignment of error, Bikkani argues that "the trial court abused its discretion by granting MLHOA proceedings with fraudulent claims against innocent homeowners instead of granting injunctive relief and declaratory judgment. The trial court abused its discretion by not reviewing the injunctive relief sought or by stating declaratory judgment requested by appellants against association's massive fraud against court and homeowners."
 {¶ 20} It is entirely unclear what Bikkani means by "granting MLHOA proceedings." A careful reading and rereading of the section of Bikkani's brief associated with this assignment of error only further muddies the waters. According to the record, Bikkani filed a motion on January 18, 2005 that was captioned as follows: "Brief in support of background information for restraining order/injunctive relief, to compel discovery, to deny protective order, to quash subpoenas and to grant default judgment against third parties." However, Bikkani's appellate brief does not mention this motion, which the court denied on April 6, 2005. App.R. 12(A)(2) states that we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." See, also, State v.Watson (1998), 126 Ohio Att.3d 316, 321 (holding that "it is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any error. * * * `An appellate court is not a performing bear, required to dance to each and every tune played on appeal'") (internal citations omitted). Accordingly, we decline to review Bikkani's fourth assignment of error.
 "VI. {¶ 21} In the final assignment of error, Bikkani argues that "the trial court abused its discretion by dismissing a case against nationwide defrauder/Ameriquest stating 3/25/2004 filed RESPA/TILA violations are not applicable. It is against the manifest weight of evidence and conspiracy as the Ameriquest submitted contract copy to cross-complaint itself is a proof that contract was drawn on RESPA. Dismissing 3/26/2004 filed third party complaint as evidenced above, dismissing 3/25/2004 filed RESPA and other fraud/violations against Ameriquest is against manifest weight of evidence and justice. Yet, the trial court stated in a journal entry dated 4/6/2005 as if only the remaining charges against Ameriquest are on or around 3/30/2004 filed charges against Ameriquest when no such filing exists."
 {¶ 22} On April 6, 2005, the court dismissed Bikkani's cross-claim against Ameriquest, alleging violations of12 U.S.C. 2601, et seq., the Real Estate Settlement Procedures Act, and15 U.S.C. 1601, et seq., the Truth in Lending Act. As discussed previously, the dismissal of cross-claims does not dispose of all the issues in the instant case. Additionally, the journal entry did not include the Civ.R. 54(B) language "no just reason for delay." As such, the dismissal is not a final appealable order and we lack jurisdiction to review it.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and James J. Sweeney, J., concur.
[1] Bikkanis' assignments of error are produced verbatim and no attempt has been made to correct any typographical or grammatical mistakes.