JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Plaintiffs-appellants, Peter and Jackie Dyczkiewycz ("plaintiffs"), appeal the trial court's decision denying their motion for appointment of a receiver. After reviewing the facts of the case and pertinent law, we reverse and remand.
 {¶ 2} On August 4, 2000, plaintiffs entered into a contract with Tremont Ridge Phase I Limited Partnership ("Tremont Ridge") for construction of a custom built home in the Tremont area of Cleveland, Ohio. Shortly after moving into the home in September 2001, plaintiffs experienced extensive water problems with the house. On November 13, 2006, an arbitrator found that the brick veneer and exterior insulation and finish system ("EIFS") were improperly installed, which, in turn, affected the sheathing, dimensional wood framing, drywall, insulation, glass block, windows, and doors. The arbitrator further found that Tremont Ridge had breached the contract and ordered specific performance, i.e., Tremont Ridge was to properly replace the above items at its own expense by August 31, 2007.
 {¶ 3} Tremont Ridge did not abide by the arbitrator's order, and on September 12, 2007, the arbitrator ordered Tremont Ridge to pay $400,000 to a third-party contractor to perform the work. Additionally, on December 18, 2007, the arbitrator awarded plaintiffs $39,167.89 in attorneys' fees. Tremont Ridge *Page 5 
failed to pay any of the ordered money, claiming insolvency, and on February 21, 2008, the arbitrator awarded plaintiffs $400,000 in damages, for a total award of $439,167.89.
 {¶ 4} On February 28, 2008, plaintiffs filed a complaint in the Cuyahoga County common pleas court requesting a confirmation of the arbitration award. On April 25, 2008, after Tremont Ridge failed to make an appearance in the action, the court granted plaintiffs' motion for default judgment in the amount of $439,167.89. On April 29, 2008, plaintiffs perfected a judgment lien against Tremont Ridge. On May 15, 2008, plaintiffs filed a motion for appointment of a receiver, which the court denied on June 12, 2008. It is from this order that plaintiffs appeal, citing one assignment of error.
 {¶ 5} "I. The Cuyahoga County Court of Common Pleas abused its discretion in denying plaintiffs motion for the immediate appointment of a receiver." R.C. 2735.01 authorizes a court to appoint a receiver in the following circumstances, that are applicable to the case at hand:
 "(A) In an action by a *** creditor to subject property or a fund to his claim, *** on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;
 "***
 "(C) After judgment, to carry the judgment into effect; *Page 6 
 "***
 "(F) In all other cases in which receivers have been appointed by the usages of equity."
 {¶ 6} The Ohio Supreme Court, in State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69, 73, stated the following regarding appellate review of decisions involving motions to appoint a receiver:
 "It has long been recognized that the trial court is vested with sound discretion to appoint a receiver. `The question of whether or not a receiver will be appointed in a given case is addressed to the sound discretion of the court under all the circumstances.'
 "***
 "`A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.'" (Internal citations omitted.)
 {¶ 7} We first note that in Miles Landing Homeowners Association v.Bikkani, Cuyahoga App. Nos. 86356 and 86942, 2006-Ohio-3328, this court held that the denial of a party's request to appoint a receiver was not a final appealable order, as contemplated by R.C. 2505.02, when the party did not have a statutory right to a receiver. The case at hand can be distinguished from Bikkani in that plaintiffs, the party requesting appointment of a receiver, have a statutory right to a receiver pursuant to R.C. 2735.01. In addition, this case has *Page 7 
the peculiar procedural posture of the receivership being the only issue before the court. See R.C. 2505.02, which states: "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, *** when it is *** (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment ***." Therefore, we conclude that denying plaintiffs' motion to appoint a receiver after default judgment was granted in favor of plaintiffs amounts to a final appealable order.
 {¶ 8} In the instant case, plaintiffs argue that the court should have appointed a receiver under R.C. 2735.01(A), (C), and (F), en masse. Furthermore, the court's June 12, 2008 journal entry summarily denying plaintiffs' motion provides no insight into whether it took into consideration the elements listed in Celebrezze, supra. However, in reviewing these factors, we find the following in the record.
 {¶ 9} The circumstances and facts of the case show that plaintiffs have a judgment lien against Tremont Ridge for over $400,000, stemming from Tremont Ridge breaching a contract to build plaintiffs' home.
 {¶ 10} After being hired by plaintiffs, Tremont Ridge subcontracted with Sutton Builders, L.L.C. ("Sutton") to construct plaintiffs' house. Keith A. Sutton signed this contract on behalf of both Sutton and Tremont Ridge, as President. On March 28, 2007, Sutton filed a complaint against the subcontractors who *Page 8 
incorrectly installed the EIFS on plaintiffs' home. See, Sutton Buildersv. PMK Properties, Inc., et al., Cuyahoga County Common Pleas Case No. CV-620005. This suit was voluntarily dismissed on May 28, 2008.
 {¶ 11} Additionally, plaintiffs submitted evidence to the court that Tremont Ridge owns property in Cleveland, identified as Parcel ID 004-18-151 and 004-09-006, which plaintiffs allege is valued at $44,700.
 {¶ 12} Tremont Ridge repeatedly breached its contract with plaintiffs and failed to follow four arbitration orders. It is Tremont Ridge's position on appeal that "as a matter of fact Tremont Ridge has no assets of any real value and therefore no means to fund a receivership."
 {¶ 13} Plaintiffs have an interest in Tremont Ridge's assets, should it have any, in the form of the judgment lien. See Verba v. OhioCasualty Ins. Co. (6th Cir., 1988), 851 F.2d 811, 815
(holding that a judgment lien pursuant to R.C. 2329.02 is an intangible, nonpossessory, constitutionally protected property interest). Plaintiffs have shown that Tremont Ridge's "assets" may be "in danger of being lost, removed, or materially injured," given the sheer lack of responsibility Tremont Ridge has shown for honoring the contract to build plaintiffs' home. *Page 9 
 {¶ 14} In Wood v. Galpert (1965), 1 Ohio App.2d 202, 208, this court held that a court's appointing a receiver under R.C. 2735.01(F) was proper based on the following facts:
 "The main relief sought by plaintiff in this case is to reach the tangible assets of defendants by a forced sale thereof. His claim to an interest in the reasonable value of the rents is based on the probability that the sale of the real estate will not fully pay his claim. He cannot be required by the court to establish this as a certainty before he becomes entitled to the protection he seeks. It is, therefore, our conclusion, and we so hold, that the appointment of a receiver is ancillary to plaintiffs ultimate relief and should be granted."
See, also, Victory White Metal Co. v. N.P. Motel Sys., Mahoning App. No. 04MA245, 2005-Ohio-2706, at ¶ 61 (holding that the appointment of a receiver was proper where "the movants are claimants and creditors who had filed affidavits for mechanic's liens and were attempting to collect upon them"). Cf. Equity Centers Development Co. v. South Coast Centers,Inc., (1992), 83 Ohio App. 3d 643, 650 (reversing the trial court's appointing a receiver because the court expressly did not make a "determination with respect to the rights, claims and charges made by and between the parties").
 {¶ 15} In Sobieraj v. Gomersall, Cuyahoga App. No. 81708, 2003-Ohio-4339, this court held that "the appointment of a receiver is the exercise of an extraordinary, drastic and sometimes harsh power which equity possesses and is *Page 10 
only to be exercised where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury." (Citing Holies v. Watkins (1927), 117 Ohio St. 165, 174.)
 {¶ 16} The instant case is an example of an extraordinary situation. There is evidence in the record that Tremont Ridge may have assets, despite its claim of insolvency. In addition, there is evidence in the record that Tremont Ridge and Sutton are owned by the same individual. Furthermore, Tremont Ridge breached a contract with plaintiffs; failed to specifically perform the contract, failed to pay a third party to perform the contract, failed to pay attorneys' fees, and failed to pay plaintiffs $400,000, after being ordered to do these things in arbitration; and is now claiming insolvency after the court issued a $439,167.89 judgment against it.
 {¶ 17} Accordingly, the court abused its discretion when it denied plaintiffs' motion to appoint a receiver, and plaintiffs' sole assignment of error is sustained.
 {¶ 18} Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellants recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., AND CHRISTINE T. McMONAGLE, J., CONCUR. *Page 1