THE STATE OF OHIO, APPELLEE, *v.* BEARD, APPELLANT.

(Decided December 21, 1939.)

*Mr. E. Dudley Harris,* prosecuting attorney, for appellee.

*Mr. John A. Sieber* and *Mr. E. A. Moats,* for appellant.

McCURDY, J. On June 8, 1932, a grand jury of Pike county, Ohio, returned an indictment against LeRoy Beard charging him with the crime of assault with intent to rape. On June 14, 1932, the Common Pleas Court found LeRoy Beard to be insane and ordered him committed to the Lima State Hospital until restored to reason under authority of Section 13441-1, General Code. After a period of more than seven years the defendant, Beard, was returned from the hospital to the sheriff of Pike county by the authorities of the hospital upon their finding that Beard was sufficiently restored to reason to be tried under the indictment against him. The defendant was placed in the jail of Pike county where he remained until September 30, 1939, on which day he was transferred to the Scioto county, Ohio, jail and placed in a padded cell because of his violent conduct. The question of the defendant's sanity was again brought to the attention of the Court of Common Pleas and on October 4, 1939, a

hearing was had by the court under the provisions of Section 13441-1, General Code, on the question of the defendant's sanity. The hearing resulted in the defendant again being found to be insane and ordering his commitment to the Lima State Hospital until restored to reason.

Upon appeal to this court the defendant's first claim of error is that the trial court should have granted the demand of the defendant for a jury trial. The record shows that this demand was made and refused. Section 13441-1, General Code, as it applies to this proposition, is as follows:

"* * * or if it otherwise comes to the notice of the court that such person is not then sane, the court shall proceed to examine into the question of the sanity or insanity of said person, or in its discretion may impanel a jury for such purpose * * *."

In support of his contention the defendant argues that Section 13442-4, General Code, providing the waiver by the defendant of the right of trial by jury in all criminal cases, is applicable to the instant case and is the only exception to the constitutional guarantee of such right as provided for in Article I, Sections 5 and 10, Constitution of Ohio. In the same breath he admits that Section 13441-1, General Code, clothes the court with discretion in the matter at issue. The fallacy of the defendant's position is patent. The matter for determination by the court is not the defendant's guilt under the indictment, wherein Section 13442-4, General Code, is applicable. The matter for determination is whether the defendant is sane or insane, for which a special procedure has been outlined by the Legislature in Section 13441-1, General Code, and this procedure is controlling. *Evans* v. *State,* 123 Ohio St., 132, 174 N. E., 348; *State* v. *Smith,* 123 Ohio St., 237, 174 N. E., 768. In specific language this section makes the impanelling of a jury discretionary with the trial court. No right of the defendant was interfered with

by the trial court refusing the demand of the defendant for a jury trial.

In his second assignment of error the defendant changes his position entirely from that taken in his first assignment of error in that he relies upon Sections 13441-1 to 13441-4, General Code, inclusive, as being controlling in the instant case. This second assignment of error is based upon demand made by counsel for the defendant, that the trial court commit the defendant to any local insane hospital or the Lima State Hospital for observation for a period not exceeding one month and the refusal of this demand by the court. The provisions of Section 13441-4, General Code, are relied upon as authority for the proposition that it was mandatory for the court to make such a commitment and to appoint disinterested experts to testify. Following the demand for such commitment counsel for the defendant demanded that the court appoint experts to examine the defendant. Section 13441-4, General Code, provides:

"* * * the court shall have power to commit the defendant to a local insane hospital, or the Lima State Hospital, where the defendant shall remain under observation for such time as the court may direct not exceeding one month; and the court may in such case appoint one or more disinterested qualified physicians * * *."

This section must not be confused with former Section 13608, General Code, which it superseded. The word "shall" refers to the power or authority vested in the court and not the exercising thereof. The use of this power is not made mandatory but rests within the sound discretion of the court. Clearly the court is granted the authority to do that which was demanded by counsel for the defendant and with this authority he is likewise granted discretion. The court properly used this discretion in this case. The defendant had been under observation for treatment for a period of

more than seven years and was thought to have regained his sanity. From the standpoint of observation no one could have been more familiar with his case than the officials of Lima State Hospital. The superintendent of that hospital was present to testify. The court properly concluded that additional delay and expense was unnecessary.

Counsel for the defendant had only two days notice prior to the hearing, but counsel did not request a continuance unless such request could be implied from the demand for commitment for observation and appointment of experts. This demand we do not believe bears the implication. However, in event a continuance had been properly requested, the defendant could not have been prejudiced by the court's proceeding with the trial for the reason that at the outset, and at the close of the hearing, the court extended to the defendant an offer of continuance for the purpose of securing such witnesses as he deemed necessary for a proper defense. Counsel were granted the right to offer medical testimony at some later date and did not avail themselves of the opportunity.

The other grounds of error in the case relate to the sufficiency of the evidence and the weight thereof. There is sufficient evidence in the testimony of Dr. Turk, superintendent of Lima State Hospital, to support the trial court's finding the defendant to be insane and ordering him committed to the Lima State Hospital. Dr. Turk, throughout his testimony, made the proposition clear that in his opinion the defendant was sufficiently restored to reason to be subjected to trial on the charge in the indictment at the time of his release from the hospital in September, that he was completely familiar with the case, and upon observation of the defendant at the time of the hearing was definitely satisfied that he had suffered a relapse, was then insane and, as shown by the record, his insanity was of such a nature that he would not be able to pre-

pare a proper defense and consult with his attorneys in regard to his defense under the indictment.

The defendant's complaint that the witnesses were unfamiliar with his case and did not have sufficient time for observation is not applicable to the testimony of Dr. Turk. This testimony makes the defendant's position untenable in his claim that even though mentally unsound he had sufficient mental capacity to recall the events of his life so that he could furnish to his counsel facts which ought to be stated and presented to a jury at his trial for the crime charged. According to this expert's testimony the contrary is true.

Having considered the record carefully we find no error therein prejudicial to the defendant.

*Judgment affirmed.*

BLOSSER, P. J., and GILLEN, J., concur.