STATE *vs.* ROBERT GENEREUX.

DECEMBER 19, 1962.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

CONDON, C. J.   This is an indictment for murder.   On defendant's motion and over the state's objection it was assigned for trial to March 12, 1962.

At the hearing on this motion the state contended that the defendant was mentally incompetent to stand trial but presented no evidence thereof.   However, the trial justice

decided that in the absence of evidence in support of such contention he was bound to presume that the defendant was sane and granted his motion. But in doing so he stated: "Now, if the State has any other testimony that it wishes to introduce between now and the date in March, I would assume that a motion to vacate the assignment because of that might be in order."

Shortly thereafter the state moved to vacate the assignment and such motion came on to be heard before another justice of the superior court. At that hearing defendant moved to dismiss the state's motion on the ground of res judicata. The trial justice denied the motion to dismiss and at the conclusion of the evidence on the question of defendant's mental competency granted the motion to vacate. The case is here on defendant's bill of exceptions to both rulings.

Under his first contention defendant argues that the motion to vacate involved the same subject matter that was heard and decided by the first justice of the superior court who granted the motion to assign, and therefore the matter was res judicata. He further argues that one justice of the superior court is without power to review and reverse a prior decision of another justice thereof. This, he contends, is the effect of entertaining the motion to vacate in the case at bar.

We do not agree. In the first place it is clear from the record of the first hearing that the justice did not pass on the question of defendant's mental condition as a controverted fact. He merely held that the state's contention in the absence of any proof could not be considered in opposition to the presumed sanity of defendant. And he expressly intimated that the matter might be further heard when and if the state had such evidence to present. Apparently such intimation was deemed by the state adequate reason for not requesting a continuance of the hearing until probative evidence could be made available.

In the circumstances we think the doctrine of res judicata is inapplicable. Moreover, in our opinion the assignment of a case for trial is largely a matter of administration which rests in the discretion of the superior court. Ordinarily where in the exercise of such discretion an order of assignment is entered by one justice thereof, it should not in the interest of orderly administration be vacated by another justice except for a cause not passed upon by the first justice. However, where the order has been vacated by a second justice for cause shown this court will not review the action of the second justice except for abuse of discretion.

On this view the only question remaining for our determination is whether the second justice's order vacating the assignment constituted such abuse. It appears from the evidence that three qualified psychiatrists testified as to defendant's mental condition. Two were presented by the state and the third testified for defendant. All were in agreement that defendant was a schizophrenic of the paranoid type, that he was incurable and potentially dangerous, but they did not agree on whether he was presently competent to appreciate the charge against him and mentally capable to comprehend the nature of a trial and to render assistance to his counsel in the conduct thereof. The state's psychiatrists were positive that he lacked such capabilities; that he would not know what the trial was "all about"; that it was impossible for him to understand since he "lives in a world of his own"; and that because of this condition and the delusions and hallucinations accompanying it he would misinterpret the trial proceedings. For these reasons they expressed the opinion that he could not intelligently consult with and advise his counsel nor could he truly appreciate the nature of his counsel's advice.

The defendant's psychiatrist testified that a schizophrenic has serious disturbances in his thinking, feelings and behavior; and in the paranoid type delusions and hallucinations most frequently occur. However, he expressed the

opinion from his knowledge of the medical history of defendant and his own examination of him that there had been a gradual improvement in his condition but that he still was not ready to leave the hospital. In fact, the witness testified further that in his opinion defendant had "less than a 50% chance of recovering sufficiently" to adjust to life outside the hospital. Nevertheless he also testified that defendant was well enough to stand trial. He denied that there was any inconsistency between this portion of his testimony and his earlier testimony. He made a distinction on the one hand between competency of defendant to understand the nature of his trial and on the other to appreciate his responsibility for his acts.

In announcing his decision the trial justice reviewed at some length the medical testimony. He especially analyzed and weighed that of the defendant's psychiatrist and concluded that the defendant was mentally incompetent to stand trial. From our reading of the transcript we cannot say that his decision in any way indicates an abuse of discretion. On the contrary we are of the opinion that he exercised his discretion in the circumstances in the best interest of defendant. The law is clear that one who is mentally incompetent to make a rational defense should not be put upon his trial. 5 Wharton, Criminal Law and Procedure §2020, p. 159; *People* v. *Maynard,* 347 Ill. 422. It rests in the discretion of the court in such circumstances to make a preliminary determination whether his condition renders it impossible for the defendant to have the benefit of a fair trial. *State* v. *Peacock,* 50 N. J. L. 34. He cannot properly defend himself if his mental condition is such that he cannot conduct his defense rationally. *Jordan* v. *State,* 124 Tenn. 81; *State* v. *Beard,* 63 Ohio App. 486. In the case at bar we are satisfied from our examination of the transcript that the trial justice had this fundamental principle in view and that he vacated the assignment for trial

because he was convinced that it would be a clear violation of such principle if he allowed the assignment to stand.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.