*Robert N. Greene,* for defendants.

240 A.2d 150.

ROBERT F. GENEREUX *vs.* EDWARD F. PARKER *et al.*

MARCH 25, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an action of trespass for assault and for quare clausam fregit. The plaintiff, acting sui juris, commenced the action with the issuance of a writ of summons on July 29, 1963, more than a year after he had been judicially determined to be legally incompetent. See *State* v. *Genereux,* 95 R. I. 292, 186 A.2d 738, and *Department of Social Welfare* v. *Genereux,* 98 R. I. 334, 201 A.2d 914.

In addition to pleading the general issue, defendants in their answer pleaded specially, averring justification. They did not challenge plaintiff's capacity to sue and he seasonably filed a replication, denying the special pleas of justification.

Thereafter, plaintiff assigned the case to the jury trial calendar for April 15, 1964; reassigned it to November 17, 1964; and then reassigned it to January 5, 1965. The defendants offered no objection to the April and November assignments, but on December 29, 1964, moved to vacate the assignment for January 5 on the grounds that as of December 22, 1964, plaintiff was not mentally competent to testify either in his own behalf or if called as an adverse witness. They premised their motion on information received from Dr. Erwin Backrass, superintendent of the Rhode Island Medical Center. It was to the ward for the criminal insane in that institution to which plaintiff was committed as a consequence of our decision in *Department of Socal Welfare* v. *Genereux, supra.*

In preparation for the trial, first assigned to April 15, 1964, counsel purporting to represent plaintiff had procured from the presiding justice of the superior court a writ of habeas corpus ad prosequendum, directed to Dr. Backrass and ordering him to appear and produce plaintiff on April 15, 1964, or on any subsequently assigned day, so that plaintiff might prosecute his action for trespass.

Counsel purporting to represent plaintiff objected to the motion to vacate the January 5 assignment on the ground that, the pleadings being closed, defendants were precluded from raising a question of plaintiff's mental competence, relying on *Mowry* v. *Saunders,* 33 R. I. 45, 80 Atl. 421.

At the hearing on the motion, held December 31, 1964, Dr. Backrass testified that he had examined plaintiff on the previous day. As a result of this examination, it was the doctor's opinion that plaintiff remained legally insane.

606

The trial justice vacated the assignment but not on the grounds urged by defendants. Rather, he took judicial notice of the adjudication almost three years earlier of plaintiff's mental incapacity, accepted Dr. Backrass's opinion that plaintiff remained incapacitated and stated, "Because of plaintiff's continued mental incompetency, existing at a time when this action was instituted and now, the Court is of the opinion that a guardian should be appointed before the action is tried, and that any indicated amendments be made in the process and pleading." In reaching this decision the trial justice was motivated by the holding of this court in *Taylor* v. *Superior Court*, 30 R. I. 560, 76 Atl. 644. There, this court held that an action brought in his own name by one lacking legal capacity, although abatable, was not a nullity and could be prosecuted by an intervening, subsequently appointed guardian.

The plaintiff duly excepted to the action of the trial justice in vacating the January 5 assignment, and the case is before us solely on that exception.[1]

In his oral argument and brief, plaintiff contends that the action of the trial justice constitutes prejudicial error in that it was tantamount to a sua sponte abatement of the action. The pleadings having been closed, he argues, defendants could not have moved to abate, relying on *Mowry, supra.*

The holding in that case on which plaintiff relies, however, is without relevance to the issue in the case at bar. In *Mowry, supra,* the question of mental competence went to the merits of the plaintiff's case, a circumstance not present here.

Although defendants sought only to vacate the assignment, their motion served to bring to the attention of the

---

[1] It is to be noted that the instant action was commenced, the trial justice's decision rendered, and notice of intention to prosecute a bill of exceptions given prior to January 10, 1966, the effective date of the superior court rules of civil procedure.

trial justice circumstances of such a nature as to warrant his sua sponte suspension of plaintiff's cause of action in the interest of plaintiff as well as defendants, pending the intervention of a subsequently appointed guardian, assuming of course that such intervention is not barred by the statute of limitations. *Taylor, supra.*

In this latter regard, we note from the record that the cause of action arose on or about June 30, 1958, but was not commenced for more than five years thereafter. However, whether the plaintiff in his own name commenced his cause of action within a period not barred by the applicable statute so as to permit timely intervention by a guardian if and when appointed, we do not inquire, leaving such determination to subsequent developments, if any.

The plaintiff's exception is overruled and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Victor J. Beretta,* City Solicitor, *Gerald J. Pouliot,* Assistant City Solicitor, for defendants.