[Cite as *Grand Arcade Condominium Owners' Assn., Inc. v. GA 110, L.L.C.*, 2017-Ohio-8736.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105619

---

# GRAND ARCADE CONDOMINIUM OWNERS' ASSOCIATION, INC.

### PLAINTIFF-APPELLANT

vs.

# GA 110, L.L.C.

### DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-870899

**BEFORE:** McCormack, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 30, 2017

**ATTORNEYS FOR APPELLANT**

Michael D. Linn
Thomas Owen
Powers Friedman Linn, P.L.L.
23240 Chagrin Blvd., Ste. 180
Cleveland, OH 44122


**ATTORNEYS FOR APPELLEE**

**For Grand Arcade Condominium Owners' Association, Inc.**

Darcy Mehling Good
Kaman & Cusimano, L.L.C.
470 Olde Worthington Road, Ste. 460
Columbus, OH 43082

Joseph E. Dibaggio
Kaman & Cusimano, L.L.C.
2000 Terminal Tower
50 Public Square
Cleveland, OH 44113

**For GA Storage, L.L.C.**

Bryan S. Mollohan
Bryan S. Mollohan, L.L.C.
2001 Crocker Rd.
440 Gemini Tower, II
Westlake, OH 44145

TIM McCORMACK, P.J.:

**{¶1}** Plaintiff-appellee Grand Arcade Condominium Owners' Association, Inc. ("the Association") is a corporate entity created to manage 99 condominium units in the Grand Arcade, Warning Block, Klein-Marks, and Blair Block buildings in Cleveland.

**{¶2}** Defendant-appellant GA 110, L.L.C. ("GA 110") owns the condominium unit known as 408 West St. Clair Avenue, #110, Cleveland, OH 44113 ("the unit"). By virtue of GA 100's ownership of the unit, it is a member of the Association and subject to the corresponding Declaration, Bylaws, and Rules.

**{¶3}** GA 110 appeals from the trial court's order granting the Association's motion to appoint a receiver, arguing that the motion was both improperly granted and impermissibly expansive in its scope.

**{¶4}** For the reasons that follow, we affirm the trial court's appointment of a receiver.

**Procedural and Substantive History**

**{¶5}** This appeal stems from a dispute surrounding a 2013 assessment issued to condominium owners, including GA 110, in connection with a window replacement project. The underlying foreclosure complaint in this case was preceded by a separate 2014 declaratory judgment action in which GA 110, by and through its agent, Grand Arcade, Ltd., filed a complaint for declaratory and injunctive relief and money damages for any costs and expenses related to the assessment.

{¶6} The ultimate issue in the 2014 case was whether Grand Arcade, Ltd. was responsible for the 2013 assessment and, if so, to what extent it was responsible.

{¶7} Grand Arcade, Ltd. and the Association filed competing motions for summary judgment. The trial court denied Grand Arcade's motion and granted the Association's motion for summary judgment, finding that Grand Arcade, Ltd. was responsible for its proportionate share of an assessment. Grand Arcade, Ltd.'s proportionate share was $108,000, based on its ownership of five condominium units in the building, only one of which is the subject of the instant appeal. The decision granting the Association's motion for summary judgment was affirmed by this court on appeal. *Grand Arcade, Ltd. v. Grand Arcade Condominium Owners' Assn.*, 8th Dist. Cuyahoga No. 104890, 2017-Ohio-2760.[1]

{¶8} On August 19, 2016, the Association sought to enforce the 2013 assessment against GA 110 and filed a Certificate of Lien on GA 110's property to secure payment of maintenance fees, common expenses, and assessments pursuant to R.C. 5311.18.

{¶9} On October 24, 2016, the Association filed a foreclosure complaint against GA 110 in the Cuyahoga County Court of Common Pleas. The complaint sought to foreclose on the previously recorded lien.

{¶10} On November 22, 2016, GA 110 filed its initial answer. GA 110 subsequently filed an amended answer on December 16, 2016.

---

[1] Grand Arcade, Ltd. has appealed this court's decision to the Ohio Supreme Court, *Grand Arcade, Ltd. v. Grand Arcade Condominium Owners' Assn., Inc.*, Ohio Supreme Court Case No. 2017-0589.

**{¶11}** On February 7, 2017, the Association filed a motion for appointment of receiver.

**{¶12}** On February 13, 2017, GA 110 filed a brief in opposition to the motion for appointment of receiver. After obtaining leave of court, the Association filed a reply brief in support of its motion for appointment of receiver.

**{¶13}** On March 27, 2017, the court granted the Association's motion for appointment of receiver and appointed Thomas Lobe as receiver. In its journal entry, the court stated that the appointment was for the limited purpose of "collecting only current and future rental income, fees, and assessments associated with the property" and was not authorized to attempt to collect "any past-due rental income, fees, or assessments, as past-due fees and assessments form the basis for this case and their validity is currently being litigated before the Eighth District Court of Appeals."

**{¶14}** GA 110 filed a notice of appeal on March 29, 2017, and a motion to stay the receivership pending the appeal.

**{¶15}** On April 21, 2017, the court granted GA 110's motion to stay, conditioned on the posting of an appropriate bond by GA 110.

**{¶16}** On April 28, 2017, an evidentiary hearing was held, after which a magistrate determined that a bond in the amount of $9,461 was appropriate.

**{¶17}** On May 18, 2017, the trial court adopted the magistrate's decision.

**Law and Analysis**

**{¶18}** GA 110 presents two assignments of error for our review, arguing that (1) the trial court erred by appointing a receiver without conducting an evidentiary hearing and (2) the trial court's order exceeded the permissible scope of a receiver under R.C. 5311.18.

**{¶19}** A trial court's decision to appoint a receiver is within its sound discretion and will not be disturbed absent an abuse of that discretion. *Jamestown Village Condominium Owners' Assn. v. Mkt. Media Research*, 96 Ohio App.3d 678, 689, 645 N.E.2d 1265 (8th Dist.1994), citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991).

**{¶20}** As an initial matter, we note that because this case deals with the appointment of a receiver in a foreclosure action against a condominium owner for delinquent maintenance fees, the applicable statutory provision is R.C. 5311.18(B)(2).

**{¶21}** R.C. 2735.01, covering receiverships in general, provides for a discretionary application of the statute, in which a receiver may be appointed only in several enumerated circumstances. R.C. 5311.18(B)(2), however, provides that a lienholder is entitled to have a receiver appointed. Based on the language of R.C. 5311.18(B)(2) describing an entitlement, this court has held that the statute is "mandatory." *Jamestown Village Condominium Owners' Assn. v. Mkt. Media Research*, 96 Ohio App.3d 678, 691, 645 N.E.2d 1265 (8th Dist.1994).

**{¶22}** R.C. 5311.18(B)(2) states:

In a foreclosure action a unit owners association commences pursuant to division (B)(1) of this section or a foreclosure action the holder of a first mortgage or other lien on a unit commences, the owner of the unit, as the defendant in the action, shall be required to pay a reasonable rental for the unit during the pendency of the action. The unit owners association or the holder of the lien is entitled to the appointment of a receiver to collect the rental. Each rental payment a receiver collects during the pendency of the foreclosure action shall be applied first to the payment of the portion of the common expenses chargeable to the unit during the foreclosure action.

{¶23} In its first assignment of error, GA 110 argues that the trial court's appointment was in error because it was not preceded by an evidentiary hearing. Therefore, according to GA 110, the trial court failed to consider all of the facts and circumstances of this case. This assignment of error is without merit.

{¶24} Nothing in R.C. 5311.18 indicates that a trial court is required to hold an evidentiary hearing prior to appointing a receiver. GA 110 attempts to support its argument by citing a case in which this court found that the trial court erred in appointing a receiver under R.C. 2735.01 when the appointment was not supported by evidentiary material. *Poindexter v. Grantham*, 8th Dist. Cuyahoga No. 95413, 2011-Ohio-2915.

{¶25} GA 110's reliance on Poindexter is misplaced. The court in Poindexter was analyzing R.C. 2735.01. Unlike R.C. 5311.18, this statute does not create an entitlement to the appointment of a receiver and instead outlines specific requirements

that must be met before a court exercises its discretion and appoints a receiver. Therefore, any alleged failure of the trial court to follow the requirements of R.C. 2735.01 is inconsequential.

{¶26} Finally, even if the applicable statute did impose such requirements, it is clear from the record that the appointment of a receiver was fully briefed by both parties. The trial court's journal entry granting the Association's motion for appointment of receiver stated that it was granting the motion "after reviewing plaintiff's motion for appointment of receiver, defendant GA 110, LLC's brief in opposition to the motion for appointment of receiver, plaintiff's reply brief in support of its motion, and the record in this case." It is unclear what evidence, if any, the trial court could have considered at an evidentiary hearing that would have negated the Association's statutory right to the appointment of a receiver.

{¶27} In its second assignment of error, GA 110 argues that the trial court's order exceeded the permissible scope of a receiver under R.C. 5311.18 by directing the receiver to collect fees and assessments in addition to current and future rents. This assignment of error is without merit.

{¶28} GA 110 argues that because R.C. 5311.18 provides for the appointment of a receiver "to collect the rental" due to a unit owners association during the pendency of a foreclosure action, allowing a receiver to collect fees and assessments is beyond the scope of the statute.

{¶29} Because trial courts are vested with the sound discretion to appoint receivers, the appointment will not be disturbed unless there is a clear abuse of discretion. *Jamestown* at 689, citing *Celebrezze* at 73. An abuse of discretion is more than an error of law; it implies an unreasonable, arbitrary, or unconscionable error. *Celebrezze* at 74, citing *In re Jane Doe 1*, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1990).

{¶30} While the language of R.C. 5311.18(B)(2) does not explicitly mention fees or assessments, it states that the owner is required to pay a "reasonable rental" while the foreclosure action is pending. In light of the applicable standard of review, we interpret the inclusion of a qualification to "rental" — that it be reasonable — to mean that the trial court is vested with the discretion to determine what is included in a reasonable rental. Here, the trial court specifically limited the receiver's authority by stating that "the receiver is not granted the authority to attempt to collect any past-due rental income, fees, or assessments, as past-due fees and assessments form the basis for this case and their validity is currently being litigated." The trial court was authorized to determine whether certain fees or assessments could be included in a "reasonable rental," and based on the purpose and language of R.C. 5311.18, nothing in the record supports a finding that the trial court's determination was unreasonable, arbitrary, or capricious.

{¶31} We affirm the trial court's order appointing a receiver.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR