[Cite as *Ralls v. 2222 Internatl., L.L.C.*, 2019-Ohio-4261.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NANCY RALLS, ET AL.,  :

    Plaintiffs-Appellants,  :

                                 No. 108314

    v.  :

2222 INTERNATIONAL, L.L.C., ET AL., :

    Defendants-Appellees.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 17, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-908947

---

### *Appearances:*

Harold Pollock Co., L.P.A., Harold Pollock, *for appellants*.

Sherman Boseman Legal Group, L.L.C., Bradley A. Sherman, F. Allen Boseman, Jr., and Ashley M. Fuchs, *for appellees*.

PATRICIA ANN BLACKMON, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Plaintiffs Nancy Ralls and Jason Ralls ("Plaintiffs") appeal from the trial court's denial of their motion to appoint a receiver

in this case involving a business dispute and assign the following errors for our review:

I.   The trial court abused its discretion in denying Appellants' motion to appoint receiver where Appellants established a prima facie case of corporate deadlock and Appellants' Complaint alleged fraud and misappropriation of funds in the operation of the subject company.

II.  The trial court abused its discretion in denying Appellants' motion to appoint receiver where Appellants established that substantial risk existed of loss of the company's real property and business if left under the control of Appellees.

{¶ 2} Having reviewed the record and pertinent law, we dismiss this appeal for lack of a final order. The apposite facts follow.

{¶ 3} In March 2017, Plaintiffs entered into an agreement with Simany Suon to form 2222 International, L.L.C. ("2222"). Plaintiffs and Suon each own 50 percent of 2222. In turn, 2222 owns real property located at 2222 St. Clair Ave., Cleveland, and operates a nightclub called The Dstrkt at this location. Sreyleak Ny and Michael Harris acted as agents or representatives of 2222 in operating The Dstrkt.

{¶ 4} On December 28, 2018, Plaintiffs filed a complaint against 2222, Suon, Ny, and Harris (collectively "Defendants") alleging the following causes of action: declaratory judgment; breach of contract; promissory estoppel; dissolution of L.L.C.; action for accounting; theft; conversion; constructive trust; equitable lien; fraud and misrepresentation; and breach of fiduciary duties. The gist of Plaintiffs' allegations are that the parties "can no longer agree regarding the management of

2222 and its assets," Defendants "usurped total control of the revenues of the business," and "[n]o money was distributed periodically or at any time to Plaintiffs."

{¶ 5} On the same day that Plaintiffs filed their complaint, they filed a motion to appoint a receiver pursuant to R.C. 2735.01, 1336.07, and 1701.91. In this motion, Plaintiffs alleged that they "are now at risk of losing their entire investment in [2222], now over $225,000.00" and requested that a receiver "be ordered to immediately take control of [2222,] investigate the affairs of 2222, and make a prompt determination as to whether it is feasible to operate the business under the control of the Receiver or whether the business should be liquidated."

{¶ 6} On March 7, 2019, the court held a hearing on the motion to appoint a receiver, along with eleven other motions that Plaintiffs filed and five motions that Defendants filed. On March 11, 2019, the court summarily denied Plaintiffs' request to appoint a receiver, and it is from this order that Plaintiffs appeal. Defendants filed a motion to dismiss the appeal, and both parties filed motions for sanctions. Because it is dispositive of the case, we first address Defendants' motion to dismiss this appeal for lack of a final appealable order.

**Final Appealable Order**

{¶ 7} An order must be final before an appellate court can review it. *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 26. Pursuant to Section 3(B)(2), Article IV, Ohio Constitution, "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse

judgments of final orders of the courts of record inferior to the court of appeals within the district * * * ."

{¶ 8} Pursuant to R.C. 2505.02(B), and as pertinent to this case,

An order is a final order that may be reviewed, affirmed, modified, or reversed * * * when it is * * *

(2) An order that affects a substantial right made in a special proceeding * * * [or]

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 9} This court has held that, under R.C. 2505.02(B)(2), "proceedings in relation to the appointment and removal of receivers are special proceedings under R.C. 2505.02 and that orders for appointment and removal affect a substantial right made in a special proceeding. Such orders are, therefore, final and appealable." *Prudential Ins. Co. of Am. v. Corporate Circle,* 103 Ohio App.3d 93, 101, 658 N.E.2d 1066 (8th Dist. 1995). Furthermore, under R.C. 2505.02(B)(4), an order granting a motion to appoint a receiver is final and appealable, because it grants relief in a proceeding for a provisional remedy. *Community First Bank & Trust v. Dafoe,* 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 26.

{¶ 10} Although it is clear that an order granting a motion to appoint or remove a receiver is final and appealable, this case concerns the denial of a motion

to appoint a receiver, an area of the law that is not as clear. Our review of case law shows that there is no black-letter law on whether the denial of a motion to appoint a receiver is a final appealable order. From what we can glean, this issue and its analysis turns on the application of the facts of each case to R.C. 2505.02.

**Denial of Motion to Appoint a Receiver**

{¶ 11} Defendants cite *Miles Landing Homeowners Assn. v. Bikkani*, 8th Dist. Cuyahoga Nos. 86356 and 86942, 2006-Ohio-3328, to support their motion to dismiss for lack of a final appealable order. In *Bikkani*, a condominium association was entitled to the appointment of a receiver pursuant to R.C. 5311.18(B)(2) in a foreclosure action against an owner of one of the condominiums for failure to pay the association fees. This court concluded that the association had a statutory right to a receiver and that granting or denying this right was a final appealable order. *Bikkani* at ¶ 10.

{¶ 12} However, the condominium unit owner who failed to pay the fees had no such statutory right to a receiver. This court held that "the owner of the unit subject to foreclosure has no right to appoint a receiver; therefore, denying him one does not aggrieve [him] in any way." *Id.* The case at hand is distinguishable from *Bikkani* and does not implicate R.C. 5311.18.

{¶ 13} Plaintiffs, on the other hand, argue that they have "a statutory right to the appointment of a receiver, and the issue of the appointment of a receiver is the only issue before this Court." Plaintiffs cite *Dyczkiewycz v. Tremont Ridge Phase I, Ltd. Partnership*, 8th Dist. Cuyahoga No. 91773, 2009-Ohio-495, in which

this court held that the denial of a motion to appoint a receiver was a final appealable order when the motion was filed after final judgment to collect on a judgment lien. "[T]his case has the peculiar procedural posture of the receivership being the only issue before the court." *Id.* at ¶ 7. In *Tremont*, there was nothing left to litigate after the trial court denied the motion to appoint a receiver, and that, in part, is why the order was final. The instant case is distinguishable from *Tremont* in that Plaintiffs' motion to appoint a receiver is interlocutory in nature, and the entire case remains pending in the trial court.

{¶ 14} In the case at hand, Plaintiffs argue they are entitled to a receiver under R.C. 2735.01(A)(1), (6), and (7); R.C. 1336.07; and 1701.91(C). The facts of the case at hand must be analyzed under these statutes to determine if either R.C. 2505.02(B)(2) or (4) apply.

**Substantial Right — R.C. 2505.02(B)(2)**

{¶ 15} R.C. 2505.02(A)(1) defines substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Ohio courts have held that an "order which affects a substantial right is one which, if not immediately appealable, would foreclose appropriate relief in the future." *Boron v. Boron*, 7th Dist. Columbiana No. 11 CO 25, 2012-Ohio-4264, ¶ 23.

{¶ 16} R.C. 2735.01 governs the discretionary appointment of receivers under certain circumstances. Subsections (1), (6), and (7) state that a "receiver may be appointed by * * * the court of common pleas" when specific conditions are met.

Therefore, this statute does not create a "right" to a receiver. *See generally State ex rel. Niles v. Bernard*, 53 Ohio St.2d 31, 34, 372 N.E.2d 339 (1978) ("a statutory usage of the term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied"). Additionally, in *Grand Arcade Condo. Owner's Assn. v. GA 110, L.L.C.,* 8th Dist. Cuyahoga No. 105619, 2017-Ohio-8736, ¶ 25, the court held that R.C. 2735.01 "does not create an entitlement to the appointment of a receiver and instead outlines specific requirements that must be met before a court exercises its discretion and appoints a receiver."

{¶ 17} Likewise, R.C. 1336.07 governs the discretionary appointment of receivers "[i]n an action for relief arising out of a transfer or an obligation that is fraudulent * * *." Under subsection (A)(3)(b), "a creditor * * * may obtain * * * [a]ppointment of a receiver to take charge of the asset transferred or of other property of the transferee * * *."

{¶ 18} R.C. 1701.91 governs judicial dissolutions of corporations, and subsection (C) states that

> [u]pon the filing of a complaint for judicial dissolution, the court * * * shall have power to * * * appoint a receiver with such authority and duties as the court from time to time may direct, to take such other proceedings as may be necessary to protect the property or the rights of the complainants or of the persons interested, and to carry on the business of the corporation until a full hearing can be had.

{¶ 19} The appointment of a receiver under this statute is also discretionary. "Having the power or authority to act does not require the exercise of such

authority." *United States v. Cain*, 583 F.3d 408, 428, 2009 U.S. App. LEXIS 22436 (6th Cir. 2009). *See also State v. Beard*, 63 Ohio App. 486, 489, 27 N.E.2d 184 (4th Dist.1939) ("The word 'shall' refers to the power or authority vested in the court and not the exercise thereof. The use of this power is not made mandatory but rests within the sound discretion of the court").

{¶ 20} Upon review, we find that the court's denial of Plaintiffs' motion to appoint a receiver does not affect a substantial right in this case, because Plaintiffs cannot show that if they do not immediately appeal, they will be foreclosed from relief on their complaint. This case is based on allegations of breach of contract, fraud, and other associated causes of action concerning a business partnership, and these claims remain pending. In *Garden v. Langermeier*, 8th Dist. Cuyahoga No. 104674, 2017-Ohio-972, this court dismissed an appeal of the probate court's granting an application for distribution of estate assets for lack of a final order. In *Garden*, although the court granted the application for distribution, the court did not resolve "the complaint for breach of fiduciary duties and the expectation of filing the final accounting." *Id.* at ¶ 4.

{¶ 21} This court found that the parties "acknowledge that the Gardens' causes of action against Langermeier remain pending. That fact alone is enough to show that the Gardens can obtain relief without an immediate appeal from the order of distribution." *Id.* at ¶ 13. This court reached this conclusion despite the Gardens' argument that, while the case is pending, "the assets could be transferred, concealed, or spent by Appellee, which could significantly impair [Gardens'] ability to obtain a

remedy for any of [their] claims against Appellee." *Id.* at ¶ 14. In rejecting the Gardens' position, this court held that "[u]nder no scenario have the Gardens shown that without immediate appeal they will be foreclosed from additional relief when the court considers the causes of action on the merits." *Id.*

{¶ 22} Upon review, we find that the order denying the motion to appoint a receiver in this case is neither final nor appealable as a "substantial right made in a special proceeding" under R.C. 2505.02(B)(2).

**Provisional Remedy — R.C. 2505.02(B)(4)(a) and (b)**

{¶ 23} We turn to R.C. 2505.02(B)(4)(a) and (b), which govern final appealable orders regarding provisional remedies. The order denying the appointment of a receiver in the case at hand does not meet the requirements of subsections (a) and (b), because it does not determine the action or prevent a judgment in favor of the appealing party. Furthermore, as we determined under R.C. 2505.02(B)(2), this order does not prohibit a meaningful remedy on appeal following final judgment. As this court has held, "litigation costs and delay in recovery are not sufficient to show the absence of a meaningful and effective remedy. * * * A delay in obtaining monetary relief is the necessary consequence of most civil litigation, and that delay does not render the ultimate remedy ineffective or unmeaningful under R.C. 2505.02(B)(4)(b)." *Nejman v. Charney*, 8th Dist. Cuyahoga No. 102584, 2015-Ohio-4087, ¶ 17.

{¶ 24} In *Nejman*, this court held that "an order denying a motion to dismiss for lack of personal jurisdiction does not determine the action, does not prevent

judgment, and is not a final, appealable order." *Id.* at ¶ 27. Upon review, we find that the same reasoning applies to the case at hand. The denial of a motion to appoint a receiver does not determine this action, does not prevent final judgment, and is not a final appealable order under R.C. 2505.02(B)(4).

**{¶ 25}** Accordingly, we lack jurisdiction to review Plaintiffs' assigned errors, as well as both parties' cross-motions for sanctions; consequently, this case is dismissed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR