[Cite as *WVJP 2021-4, LP v. Loef, Ltd.*, 2025-Ohio-463.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WVJP 2021-4, LP,                           :

      Plaintiff-Appellant,         :

                      No. 114366

      v.                           :

LOEF, LTD.,                                :

      Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 13, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-965676

---

### *Appearances:*

Gertz & Rosen, Ltd., and Colin G. Skinner, *for appellant*.

WILLIAM A. KLATT, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Plaintiff-appellant WVJP 2021-4, LP ("WVJP") appeals the trial court's denial of its motion to appoint a receiver. For the following reasons, we reverse and remand for proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} This case stems from a Cognovit Note ("Note") that defendant-appellee Loef, Ltd. ("Loef") executed and delivered to U.S. Bank National Association ("U.S. Bank") in the amount of $166,000, and an open-end mortgage, security agreement, and assignment of rents and leases dated January 12, 2007 ("Mortgage") that secured the Note. Pursuant to the Note and Mortgage, U.S. Bank advanced monies to Loef, and Loef granted a mortgage lien on the commercial property located at Briar Road in Cleveland, Ohio ("commercial property" or "Briar Road property"). Loef subsequently defaulted on the Note, and a judgment in favor of U.S. Bank was issued on September 7, 2021. U.S. Bank subsequently assigned to WVJP its title and interest to the September 7, 2021 judgment, the Note and related loan documents, and the mortgage rights. Pursuant to its assigned rights, WVJP filed a complaint against Loef on July 8, 2022, and an amended complaint on November 18, 2022, seeking to foreclose the Briar Road property. Loef filed an answer on November 30, 2022.

{¶ 3} On April 10, 2023, WVJP moved for summary judgment requesting the trial court issue a decree in foreclosure. On August 28, 2023, the magistrate issued a decision with findings of fact and conclusions of law, finding that WVJP is the successor in interest to U.S. Bank on the Note and that WVJP is entitled to judgment and a decree of foreclosure. The trial court adopted the magistrate's decision on September 20, 2023, granting WVJP foreclosure on the Briar Road

property and ordering a sheriff's sale and the distribution of the proceeds of the sale. Neither party filed an appeal from the trial court's judgment of foreclosure.

{¶ 4} On October 2, 2023, WVPJ filed a "praecipe for order of sale" requesting the clerk of courts issue an order of sale to the sheriff directing him to appraise, advertise, and sell the Briar Road property; the clerk of courts issued the order on October 4, 2023. On October 17, 2023, the clerk of courts issued a subsequent order to the sheriff requesting a special appraisal. On January 11, 2024, the Cuyahoga County Sheriff obtained three appraisals of the Briar Road property that resulted in an appraised value of $319,000.

{¶ 5} On March 13, 2024, WVPJ filed an "alias praecipe for order of sale" requesting the clerk of courts issue an order of sale to the sheriff directing him to advertise and sell the Briar Road property, and the clerk of courts issued such an order on March 26, 2024. On April 5, 2024, WVJP filed a notice of sale informing the parties of (1) a sheriff's sale scheduled on May 6, 2024, and, (2) if the property did not sell on that date, a second sheriff's sale scheduled on May 20, 2024.

{¶ 6} On April 16, 2024, defense counsel filed a motion to withdraw as counsel for Loef.

{¶ 7} The sheriff held the scheduled sale on May 16, 2024, but received no bids on the commercial property.

{¶ 8} On June 4, 2024, WVJP filed a motion for appointment of receiver arguing it held contractual and statutory rights entitling it to the appointment of a receiver and a receiver was necessary to preserve and protect the Briar Road

property. From a contractual standpoint, WVJP argued the terms of paragraph 4.1(a) of the Mortgage conferred upon it a right to appoint a receiver during a foreclosure action:

> 4.1 (a) **Receiver; Mortgagee-in-Possession**. *Upon the commencement or during the pendency of any action to foreclose this Mortgage, the Bank will be entitled, as a matter of right, without notice or demand and without giving bond or other security, and without regard to the solvency or insolvency of the Mortgagor or to the value of the Premises, to have a receiver appointed for all or any part of the Premises, which receiver will be authorized to collect the rents, issues and profits of the Premises during the pendency of such foreclosure action, and until discharged, and to hold and apply such rents, issues and profits, when so collected, as the court will from time to time direct.* Without limitation of the foregoing, the Mortgagor hereby authorizes the Bank to be placed in possession of the Premises during foreclosure, whether the Premises are residential or not, and, for so long as the Bank shall remain in possession of the Premises, the Bank shall have the power and authority to operate, manage and control the Premises, including, without limitation, the right to receive the rents, issues and profits of the Premises, perform all maintenance and make all repairs and replacements, enter into leases, and amend, cancel, renew, modify and terminate the same.

(Emphasis added.)

{¶ 9} Additionally, WVJP contended it had a statutory right to a receiver pursuant to R.C. 2735.01(A)(2) because (1) Loef's failure to submit payments pursuant to the Mortgage demonstrated the conditions of the mortgage were not performed, and (2) Loef consented in the Mortgage to the appointment of a receiver. WVJP also argued it needed a receiver because a second conventional sheriff's sale would either be unsuccessful or produce less proceeds than a sale by a receiver. WVJP requested the trial court appoint as receiver a specific company engaged in

the business of acting as a receiver and/or liquidator, with whom WVJP had a working relationship.

{¶ 10} On August 22, 2024, the trial court granted Loef's counsel's motion to withdraw and summarily denied WVJP's motion to appoint a receiver.

{¶ 11} On September 18, 2024, WVJP filed a timely notice of appeal presenting a sole assignment of error: The trial court erred in denying Plaintiff's unopposed motion for appointment of a receiver as a matter of right and consent.[1]

**Legal Analysis**

{¶ 12} Initially, we find WVJP's appeal from the trial court's denial of its motion for a receiver is a final appealable order. There is no black-letter law on whether the denial of a motion for appointment of a receiver is a final, appealable order; the analysis is dependent upon the application of the facts of each case to R.C. 2505.02. *Ralls v. 2222 Internatl., L.L.C.*, 2019-Ohio-4261, ¶ 10 (8th Dist.). A review of the facts demonstrates the trial court issued judgment on WVJP's foreclosure action, and the trial court's denial of WVJP's motion for a receiver amounts to a final appealable order. *See Dyczkiewycz v. Tremont Ridge Phase I, Ltd. Partnership*, 2009-Ohio-495, ¶ 7 (8th Dist.) (The trial court's denial of plaintiff's motion to appoint a receiver after granting default judgment in favor of plaintiff amounted to a final appealable order.).

---

[1] Loef has not made an appearance in this appeal.

{¶ 13} Appellate courts review a trial court's order on the appointment of a receiver for an abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St. 3d 69, 73 (1991). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983); *Johnson*.

{¶ 14} R.C. 2735.01 grants a trial court discretion to appoint a receiver.

> "'A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.' 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20." *Id*. at fn. 3.

*Debartolo v. Dussault Moving, Inc.*, 2011-Ohio-6282, ¶ 10 (8th Dist.).

{¶ 15} WVJP contends that it was entitled to appointment of a receiver pursuant to R.C. 2735.01(A)(2) that reads:

> (A) A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in the judge's district, the court of common pleas or a judge thereof in the judge's county, or the probate court, in causes pending in such courts respectively, in the following cases:
>
> . . .
>
> (2) In an action by a mortgagee, for the foreclosure of the mortgagee's mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, materially injured, diminished in value, or squandered, *or that the condition of*

*the mortgage has not been performed*, and either of the following applies:

(a) The property is probably insufficient to discharge the mortgage debt.

(b) *The mortgagor has consented in writing to the appointment of a receiver.*

(Emphasis added.) R.C. 2735.01(A)(2)(a)-(b). In compliance with R.C. 2735.01(A)(2), Loef did not meet the conditions of the mortgage as evidenced by the trial court issuing judgment in foreclosure on WVJP's behalf. Additionally, the mortgagor, Loef, consented in the Mortgage to the appointment of a receiver upon the incidence of default, satisfying R.C. 2735.01(A)(2)(b).

{¶ 16} We recognize the trial court has discretion under R.C. 2735.01 to appoint a receiver. *See State ex rel. Niles v. Bernard*, 53 Ohio St. 2d 31, 34 (1978)("[A] statutory usage of the term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied."). However, based upon the limited facts in this case where Loef consented to the appointment of a receiver in the mortgage documents, WVJP met the statutory requirements to appoint a receiver, and Loef did not oppose WVJP's motion for appointment of a receiver, we find the trial court's denial of WVJP's motion for appointment of a receiver, without any comment or explanation, was arbitrary and unreasonable. *See Huntington Natl. Bank v. Prospect Park LLC*, 2011-Ohio-5391, ¶ 11 (8th Dist.) (receiver appointed upon (1) presentation of evidence that mortgagor consented to the appointment of a receiver upon the incidence of default, (2)

evidence that mortgagor defaulted under the note and guaranty and the mortgagee obtained a judgment, and (3) mortgagor did not oppose the motion for appointment of a receiver). For the foregoing reasons, WVJP's assignment of error is sustained.

{¶ 17} Judgment reversed, and case remanded for proceedings consistent with this ruling.

It is ordered that appellant recover the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

EMANUELLA D. GROVES, P.J., and
SEAN C. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)